## Paul MILLER *v.* Hon. Judge Don LANGSTON

CR 88-52                                      756 S.W.2d 455*

Supreme Court of Arkansas
Opinion delivered September 12, 1988

■

*James R. Marschewski*, for petitioner.

No response.

PER CURIAM. Petitioner seeks a writ of prohibition upon allegations that the state has violated his right to a speedy trial by failing to try him within twelve months of his arrest on charges of possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and with being an habitual criminal, CR-87-239, Circuit Court of Sebastian County, Arkansas, Ft. Smith District. The case is presented upon a stipulation of facts. The stipulation contains nothing concerning a trial date, but from the briefs it appears the petitioner may have been tried on these charges on April 19, 1988.

The parties are directed to submit a joint pleading or stipulation, to be filed with our Clerk advising whether petitioner has in fact been tried on these charges.

IT IS SO ORDERED.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent. The petitioner took the only logical course of action available to him after the trial judge denied his motion to dismiss for lack of a speedy trial. He petitioned this court for a writ of prohibition. The fact that there has since been a trial and conviction should have no bearing on the consideration of the merits of the case.

The parties appealed on a stipulated record containing all the facts necessary to decide this case.

The only remedy for denial of a speedy trial is dismissal. If

---

*Dissenting opinion can be found at 761 S.W.2d 884.

the petitioner was not timely tried, we should simply dismiss the case. Otherwise, petitions for prohibition in situations such as this are rendered meaningless.